IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN BOARD OF OBSTETRICS AND GYNECOLOGY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:05-CV-1561-K |
| MAHMOOD YOONESSI, M.D., | § § | |
| Defendant, | § § | |
| MAHMOOD YOONESSI, M.D., | § § | |
| Third-Party Plaintiff, | § § | |
| v. | § § | |
| WILLIAM M. SKRETNY, et al. | § § | |
| Third-Party Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Third-Party Defendant William M. Skretny's Motion to Dismiss. For the following reasons, the Court **GRANTS** the motion.

**A.     Factual Background**

Plaintiff American Board of Obstetrics and Gynecology ("ABOG") filed suit against Defendant Mahmood Yoonessi ("Mr. Yoonessi") in state court. Mr. Yoonessi subsequently brought third-party claims against numerous third-party defendants,

ORDER – PAGE 1

including Third-Party Defendant United States District Court Judge William Skretny ("Judge Skretny"). Judge Skretny removed the case to this Court. Mr. Yoonessi's third-party petition alleges Judge Skretny, along with another third-party defendant, "summarily dismissed petitioner's case against Defendants in violation of Federal and State Law that have considered the right to a 'Jury Trial 'inviolable'" [sic]. Mr. Yoonessi additionally alleges Judge Skretny denied Mr. Yoonessi his right to a jury trial, suppressed evidence, and impeded discovery. Judge Skretny dismissed a case filed by Mr. Yoonessi in the United States District Court for the Western District of New York. The Court presumes this is the action on which Mr. Yoonessi bases his claims related to Judge Skretny as there is nothing else in the record indicating otherwise.

B.     Removal Under Section 1442(a)(3)

Judge Skretny removed this action under Chapter 28, Section 1442(a)(3) of the United States Code, which provides for the removal of a state court action to federal court when a federal judge is sued for performing his duties or acting under the color of his office. 28 U.S.C. § 1442(a)(3). The law is clear that judicial immunity is immunity from suit and not merely from damages which may be assessed. *See Mireles v. Waco*, 502 U.S. 286, 288 (1991); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Allegations of bad faith or malice do not defeat judicial immunity. *Mireles*, 502 U.S. at 288. There are only two circumstances under which judicial immunity may be overcome: (1) the judge's actions are nonjudicial or (2) the judge acts, although judicially, when there is a complete lack of jurisdiction. *Id.* Neither scenario exists here. Mr. Yoonessi's petition

complains of Judge Skretny's actions in Mr. Yoonessi's New York federal litigation; therefore, Judge Skretny's action were clearly judicial in nature. There is nothing in the record indicating that Judge Skretny's actions were done with a complete lack of jurisdiction. Accordingly, the Court concludes Judge Skretny enjoys judicial immunity from this suit. All claims brought against Judge Skretny are hereby **dismissed with prejudice**.

C.   **Court's Continuing Jurisdiction**

This case was properly removed under section 1442(a)(3), even though only one third-party defendant, Judge Skretny, was a federal officer. *See IMFC Prof'l Servs. of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir. 1982). Consequently, this Court was vested with ancillary jurisdiction as to the nonfederal elements of the case, including the original state action filed by ABOG against Mr. Yoonessi. *See id*. The Court has now dismissed Judge Skretny from this lawsuit; however, this does not automatically deprive the Court of its ancillary jurisdiction as to the remainder of the case. *See id.* at 159-160. The Court may, nevertheless, using its discretion, decline to exercise continued jurisdiction over the remainder of the case and remand the case to state court. *See id.* at 160-61 (through its creation of ancillary jurisdiction, 28 U.S.C. §14429(a)(1) confers discretion on district court to decline to exercise continued jurisdiction over remaining claims). Because this case is at the early stages, the Court is of the opinion that neither judicial economy or fairness will be sacrificed should the Court decline to exercise its jurisdiction.

The Court concludes it should refrain from exercising its ancillary jurisdiction over the remainder of the case. Therefore, the Court **REMANDS** the case to the 191st Judicial District of Dallas County, Texas. The parties will bear their own costs.

**SO ORDERED.**

Signed October 18th, 2005.

s/ ED KINKEADE
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 4